```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA


BRENDA DIMARO; and HALLIE
LAVICK,
                                      NO. CIV. S-05-1726 LKK/GGH
        Plaintiffs,

   v.                                      O R D E R

HOLLISTER, INC.; SAMUEL
BRILLIANT; JAMES J.
McCORMACK; JAMES A. KARLOVSKY;
RICHARD T. ZWIRNER; MICHAEL C.
WINN; LORETTA L. STEMPINKSI;
DONNA J. MATSON; ALAN F. HERBERT;
HOLLISTER EMPLOYEE SHARE OWNERSHIP
TRUST; and THE FIRM OF JOHN
DICKSON SCHNEIDER, INC.,

        Defendants.
                                 /
```

The court is in receipt of plaintiff's motion for partial summary judgment as well as defendants' request for a continuance pursuant to Fed. R. Civ. P. 56(f). The court has also received the declaration of Scott Hubbard in opposition to defendants' request for a continuance and defendants' reply declaration in support of

1

their request for a rule 56(f) continuance.

"Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." <u>Burlington Northern & Santa Fe R.R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation, Montana</u>, 323 F.3d 767, 773 (9th Cir. 2003); <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 846 (9th Cir. 2001).

Although district courts have "wide latitude in controlling discovery," <u>State of California v. Campbell</u>, 138 F.3d 772, 779 (9th Cir. 1998), the Supreme Court has required allowing discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 n. 5 (1986). A Rule 56(f) motion must be brought before the summary judgment hearing, <u>Ashton-Tate Corp. v. Ross</u>, 916 F.2d 516, 520 (9th Cir. 1990), and the facts supporting a Rule 56(f) motion must be set forth in an accompanying affidavit. <u>Campbell</u>, 138 F.3d at 779 (9th Cir. 1998).[1]

In the case at bar, plaintiff brings suit against defendants Hollister, Inc., Hollister Employee Share Ownership Trust, John Dickinson Schneider, Inc., Samuel Brilliant, James A. Karlovsky, James J. McCormack, Richard T. Zwirner, Michael C. Winn, Loretta

---

[1] Defendants must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. <u>Campbell</u>, 138 F.3d at 779.

2

L. Stempinski, Donna J. Matson, and Alan F. Herbert for violating the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., in the profit sharing plan known as the Hollister Employee Share Ownership Trust for the Hollister Incorporated Group of Companies (hereafter "HolliShare" or "the Plan").

Plaintiffs filed their initial complaint on August 25, 2005. On October 21, 2005, plaintiffs filed their partial motion for summary judgement. There has not yet been a Status Conference in this case and there has been no discovery in this case. The Status Conference is currently scheduled for January 9, 2006.

The declaration of William Gould, defendants' counsel, sets forth specific facts that the defense hopes to elicit from discovery and makes clear that these facts are essential to resist the summary judgement motion. Gould submits that defendants will need discovery pertaining to the allegations that the retirement plan is in violation of ERISA. Specifically, defendants will need discovery regarding plaintiffs' contention that the current trustees of the retirement plan should be removed because they are allegedly harming the interests of the Plan's beneficiaries. See Decl. of W. Gould, at 5:17-27. Similarly, defendants need to conduct discovery as to the "interrelationship between the various cited provisions of ERISA and the terms of the Plan documents." See Decl. of W. Gould, at 6:1-2.

Given that discovery has not even begun, any motion for summary judgment by plaintiff is premature. Knowing exactly how the plan in question operates constitutes sought-after facts

3

clearly essential to the defendants' ability to respond to the plaintiffs' motion for summary judgment.  Therefore, plaintiffs' motion for summary judgment is denied without prejudice to renewal, following the close of discovery, that date to be set at the January 9, 2006 Status Conference.

    IT IS SO ORDERED.

    DATED:  November 9, 2005

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT