1   WILKE, FLEURY, HOFFELT, GOULD
       & BIRNEY, LLP
2   WILLIAM A. GOULD (SBN 035446)
    DANIEL L. BAXTER (SBN 203862)
3   400 Capitol Mall, Twenty-Second Floor
    Sacramento, California 95814
4   Telephone:  (916) 441-2430
    Facsimile:   (916) 442-6664
5
    Attorneys for Defendants HOLLISTER
6   INCORPORATED, HOLLISTER EMPLOYEE SHARE
    OWNERSHIP TRUST; THE FIRM OF JOHN
7   DICKINSON SCHNEIDER, INC.; SAMUEL
    BRILLIANT, JAMES J. McCORMACK, JAMES A.
8   KARLOVSKY and RICHARD T. ZWIRNER

9               IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  JAMES P. DeFAZIO, | Case No.: CIV.S-04-1358 WBS GGH |
| 12              Plaintiff, | PROTECTIVE ORDER |
| 13        vs. | Magistrate Judge:  Gregory G. Hollows |
| 14  HOLLISTER, INC.; et. al., | Complaint |
| 15              Defendants. | Filed:          July 15, 2004 |
| 16 | |
| 17  KATHLEEN ELLIS, | Case No. CIV. S-05-559 WBS GGH |
| 18              Plaintiff, | Magistrate Judge:  Gregory G. Hollows |
| 19        vs. | Complaint |
| 20  HOLLISTER INCORPORATED et al., | Filed:          March 22, 2005 |
| 21              Defendants. | |
| 22 | |
| 23  BRENDA DIMARO and HOLLIE LAVICK, | Case No. CIV. S-05-1726 WBS GGH |
| 24              Plaintiffs, | Magistrate Judge:  Gregory G. Hollows |
| 25        vs. | Complaint |
| 26  HOLLISTER INCORPORATED, et al., | Filed:          August 25, 2005 |
| 27              Defendants. | |
| 28 | |

[PROPOSED] PROTECTIVE ORDER

1    Upon consideration of the Motion of defendants Hollister Incorporated,
2    The Firm of John Dickinson Schneider, Inc., **Hollister Employee Share**
3    **Ownership Trust, Samuel Brilliant, James A. Karlovsky, James J. McCormack**
4    **and Richard T. Zwirner, THE COURT HEREBY ORDERS:**

5    1.    <u>Good Cause</u>.   The Court determines that there is good cause to
6    enter this Protective Order pursuant to Federal Rule of Civil Procedure 26(c)
7    ("Protective Order") to protect confidential information and materials which may
8    be made available in the course of discovery in this case.   For example,
9    plaintiffs seek discovery of matters pertaining to the financial condition of
10   Hollister and JDS, which are private, closely-held companies.   Hollister and
11   JDS maintain information concerning their financial condition in confidence.
12   Unrestricted disclosure or use of Hollister's or JDS's financial information could
13   cause those entities to incur competitive disadvantage, particularly in view of
14   the employment of plaintiff Kathleen Ellis by Coloplast, a direct competitor of
15   Hollister's.

16   2.    <u>Scope</u>.   This Protective Order provides a procedure to protect the
17   confidentiality of documents, deposition testimony and transcripts, deposition
18   exhibits, interrogatory responses, admissions, affidavits and exhibits thereto, or
19   other information produced, given, or exchanged by and among the parties and
20   any non-parties to this litigation who elect to be protected pursuant to the
21   terms of this Protective Order (collectively, the "Discovery Material").   Any party
22   or any other person who has been called upon to produce any Discovery
23   Material in this action may apply to this Court to determine, whether any
24   identified Discovery Material should be maintained as confidential pursuant to
25   this Protective Order.   The term "Document" includes but is not limited to any
26   writing, electronic or otherwise, recording, or photograph as those terms are
27   defined in Federal Rule of Evidence 1001.

28

1      3.     <u>No Use For Other Purposes</u>.  Any Discovery Material that is
2  designated as "Confidential" or "Attorneys Eyes Only" shall, pending a further
3  determination by this Court, be used only for the purpose of conducting this
4  litigation (which includes only the three above-captioned consolidated cases),
5  including any and all appeals in any of those cases.

6      4.     <u>Producing Person</u>.  Any person or entity who produces any
7  Discovery Material, and any person who generated or has rights in any
8  Discovery Material, shall be referred to herein as a "Producing Person or
9  Producing Persons."

10      5.     <u>Confidential Discovery Material</u>.  Any Producing Person may
11  designate as "Confidential" any Discovery Material containing trade secrets, or
12  information that it, he or she considers to be material, non-public information,
13  or information that invades the financial privacy of any person, Producing
14  Person or otherwise.

15      6.     <u>Procedure for Designation of Discovery Material as</u>
16  <u>Confidential</u>.  Discovery Material, as described in ¶5, above, may be designated
17  as "Confidential" as follows:

18         (a)    In the case of documents or other materials (apart from
19      deposition transcripts or other pretrial testimony) produced by a party,
20      designation shall be made by the Producing Person stamping or affixing
21      the word "Confidential" on each page of any document that constitutes
22      Confidential Discovery Material.  In the case of documents produced by
23      any person or persons who are not parties to this action, those persons
24      can also designate documents as "Confidential", or such a designation
25      can be made by giving notice to all parties to this action, through their
26      counsel of record, of such a designation within a reasonable time after
27      production is made.  Notwithstanding the foregoing, a failure to designate
28      a document, or pages of a document, as "Confidential" by itself does not

-2-

1  constitute a waiver of the right to do so later.  However, any disclosure of
2  such a document, or pages of a document, prior to its (or their)
3  designation as "Confidential" shall not be a violation of this Order.  A
4  Producing Person may designate a document, or pages of a document, as
5  "Confidential" after the document has been produced by providing all
6  parties to this action, through their respective counsel of record, with
7  written notice of the designation, whereupon the receiving party, and all
8  other parties, shall treat the document, or pages of the document, so
9  designated as "Confidential" in accordance with the terms and conditions
10  of this Protective Order.

11  (b)    In the case of deposition testimony or other pre-trial
12  testimony (including exhibits), the "confidential" designation shall be
13  made by (i) a statement on the record by counsel for the Producing Person
14  at the time the testimony is provided; or (ii) written notice sent by counsel
15  for the party asserting confidentiality to all parties and, if applicable, to
16  the non-party witness, within 30 days of receiving a copy of the transcript
17  of such testimony.  No disclosure shall be made of any deposition or other
18  pre-trial testimony until after the passage of 30 days from the receipt by
19  all parties of a copy of the transcript of such testimony.

20  7.    Procedure For Review Of The "Confidential" Designation.  Once
21  any Discovery Material is designated as "Confidential", its use shall be limited
22  as provided in this Protective Order unless the Court later determines that an
23  item of Discovery Material is not to be treated as Confidential under this
24  Protective Order during the pendency of this litigation, or thereafter.  If a party
25  disputes the propriety of any confidentiality designation, it shall provide notice
26  to the Producing Person, and to all the parties who shall then promptly meet
27  and confer regarding their disagreement.  In the event the parties are unable to
28  agree as to whether the "Confidential" designation is to be maintained, removed,

-3-

altered or limited, then the Producing Person shall, within 10 business days after the parties have conferred, submit an appropriate motion to the Court seeking a determination regarding whether each of the disputed items shall continue to be subject to the terms and conditions of this Protective Order during and after this litigation.  In order to maintain the confidentiality of the information addressed in such motion, any motion made pursuant to this paragraph shall be delivered to the Court's chambers and served on all other parties, but shall not be filed with the Court.  All persons receiving such a motion shall, unless and until the Court rules otherwise, treat the contents of the motion, and any exhibits thereto as confidential to the same extent Discovery Material designated as "Confidential" under this Order is treated as "Confidential".   The Court will determine whether each disputed item of information identified in any motion brought under this paragraph shall or shall not continue to be subject to the terms and conditions of this Protective Order.  The Producing Person shall, as required by Rule 26(c), *Fed.R.Civ.P.*, have the burden of persuading the Court that the Discovery Material at issue is entitled to protection under this Order.

8.     <u>Authorized Disclosure</u>.   Any Discovery Material that has been designated as "Confidential," or information derived therefrom, may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to the following persons:

(a)     In-house and outside counsel for any party to this litigation, and those regular and/or temporary employees and contractors of such counsel whose access to said documents or information is  necessary for them to assist counsel in the conduct of this litigation;

(b)     Any expert or consultant retained by a party or by his, her or its counsel solely for the purpose of assisting them in prosecuting or defending this litigation.  Confidential Discovery Material may be used by

-4-

1   such experts or consultants but only to the extent necessary for them to

2   analyze the issues, prepare a written opinion, prepare to testify, or assist

3   counsel in the prosecution or defense of this litigation.  Prior to receiving

4   any Confidential Discovery Material, each expert or consultant shall

5   confirm their understanding of, and agreement to abide by the terms of

6   this Protective Order by signing and agreeing to the terms of the written

7   acknowledgment attached hereto as Exhibit A.  Signed copies of Exhibit A

8   shall be obtained by, and retained in the files of any counsel for the party

9   who has engaged any such expert or consultant;

10         (c)      Any actual or potential witness or deponent (other than any

11   party witness and/or party deponent as described in (d), below) and their

12   counsel.   Prior to being provided with any Confidential Discovery

13   Material, any such witness or deponent shall be required to confirm their

14   understanding of, and agreement to abide by the terms of this Protective

15   Order by signing and agreeing to the terms of the written

16   acknowledgment attached hereto as Exhibit B.  Signed copies of Exhibit B

17   shall be obtained by and retained in the files of any counsel for any party

18   who has provided Confidential Discovery Material to any such witness or

19   deponent;

20         (d)      The parties, including, where applicable, their officers,

21   directors, and employees, including those officers, directors and

22   employees of any subsidiary or affiliate thereof, who is assisting the party

23   in this litigation, or who is called to appear as a witness or deponent in

24   this litigation;

25         (e)      Stenographers, videographers, or other court reporters

26   engaged to transcribe or record depositions in this litigation;

27         (f)      The Court and its personnel; and

28

-5-

1         **(g)**      **Any other person so ordered by the Court or upon stipulation**

2    **of the Producing Person.**

3    **The restrictions of this paragraph shall also apply, on an ongoing basis, to any**

4    **Discovery Material that the Court determines, in response to any motion**

5    **brought under ¶7 above, is entitled to Confidential treatment during and after**

6    **the pendency of this litigation.**

7         **9.**     **<u>Attorneys' Eyes Only Discovery Material</u>.  If a Producing Person**

8    **reasonably believes in good faith that the disclosure to another party of**

9    **Discovery Material which is "Confidential" within the meaning of ¶5 would**

10    **prejudice the interests of the Producing Person or a party, such material may be**

11    **designated by the Producing Person as "Attorneys' Eyes Only Discovery**

12    **Material".  Designations of "Attorneys' Eyes Only Discovery Material" is to made**

13    **only to protect highly sensitive, proprietary information, and such designations**

14    **should only be made where the Producing Person genuinely believes it is**

15    **reasonably necessary to serve its intended purpose.  The designation shall be**

16    **made in the same manner specified in ¶6, above.  "Attorneys' Eyes Only**

17    **Discovery Material" may be disclosed only to (a) those persons referred to in**

18    **¶¶8(a), 8(b), 8(c), 8(e), 8(f) or 8(g); and (b) to a party in the presence of that**

19    **party's counsel.  Any party that is made privy to "Attorneys' Eyes Only**

20    **Discovery Material" shall not (i) in any way, shape or form, directly or indirectly**

21    **memorialize, or actually or constructively possess a recorded memorialization of**

22    **any "Attorneys' Eyes Only Discovery Material" or any part or portion of thereof;**

23    **or (ii) except in deposition, court testimony, or as otherwise authorized by the**

24    **court, communicate in any manner, verbally, in writing or otherwise any**

25    **characterization of any of the contents of what that party has viewed with**

26    **respect to any such "Attorneys' Eyes Only Discovery Material".  For purposes of**

27    **this ¶9, the term "party" includes the officers, directors, or employees of any**

28    **party that is not a natural person.  A Producing Person shall not utilize**

-6-

1  Discovery Material designated as "Attorneys' Eyes Only" in connection with the

2  examination of a witness (other than the Producing Person or one of its

3  employees or experts) unless the Producing Person has provided the opposing

4  party with reasonable written notice of its intention to do so, including the

5  identification of the specific "Attorneys' Eyes Only" material to be utilized.  With

6  respect to any "Attorneys' Eyes Only" material so identified, the other parties

7  may use such materials in preparation of the witness for his or her testimony.

8       10.   <u>No Unauthorized Disclosure</u>.   No person receiving or having

9  access to any Confidential Discovery Material or Attorneys' Eyes Only Discovery

10  Material shall reveal, directly or indirectly, the contents of such Confidential

11  Discovery Material or Attorneys' Eyes Only Discovery Material, or any

12  information contained therein or derived therefrom, to anyone not entitled to

13  receive such Confidential Discovery Material or Attorneys' Eyes Only Discovery

14  Material under the terms of this Protective Order.   In the event that any

15  Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is

16  disclosed to any person other than those authorized by the terms of this

17  Protective Order, the party responsible for the disclosure shall immediately

18  inform the Producing Person of all pertinent facts relating to the disclosure,

19  including the name, address, and employer of each person to whom the

20  disclosure was made and an explanation of how the disclosure came to be

21  made.   The party responsible for the disclosure shall immediately take all

22  reasonable steps to retrieve the information disclosed and to prevent any

23  disclosure of any such Confidential Discovery Material or Attorneys' Eyes Only

24  Discovery Material by any unauthorized person or persons to whom such

25  information was disclosed.

26       11.   <u>Filing of Documents Containing Confidential Information</u>.

27       (a)   If any party seeks to file with the Court any paper that

28  attaches, quotes or otherwise discloses the contents of any Confidential

Discovery Material or Attorneys' Eyes Only Discovery Material, that party shall seek to file such paper under seal in accordance with the procedures specified by Rule 39-141 of the Local Rules of the Eastern District of California and as specified in this ¶11;

(b)    In addition to the requirements set forth in Local Rule 39-141, any party seeking to file a document under seal which contains Discovery Material that has been designated as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall specifically and explicitly establish good cause for the filing of the document under seal;

(c)    If a party intends to file any document, or part of a document, which contains Discovery Material that has been designated as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, the filing party shall notify the Producing Persons of such material of its intent to file such a document sufficiently in advance of the filing so that the Producing Person can timely apply for an Order that the proposed filing be made under seal.  The party seeking to make the filing under seal shall inform the Producing Person of the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material that is to be included in the filing to be made.  It shall then be incumbent upon the Producing Person to seek an Order that the filing be made under seal.  The burden shall be on that person or party to establish good cause for the filing to be made under seal, and to otherwise comply with the requirement of Local Rule 39-141; and

(d)    Any motion to require that a document be filed under seal must establish more than speculation regarding potential harm; instead, an Order authorizing a filing under seal will be allowed only if the specter of real and tangible harm is established.  The parties all understand that the Court will not authorize the wholesale filing of documents under seal.

-8-

1    12.   <u>No Waiver Of Privilege Through Inadvertent Production</u>.   The

2  inadvertent production of any Discovery Material shall be without prejudice to

3  any claim that such Discovery Material is subject to the terms of this Protective

4  Order, or is protected by the attorney-client privilege, the work product

5  doctrine, or any other applicable privilege or ground for withholding production.

6  No party shall be held to have waived any rights by such inadvertent

7  production.

8    13.   <u>Procedure In The Event Of Inadvertent Production Of</u>

9  <u>Privileged Information</u>.   Upon written notice by the Producing Person of his,

10  her or its inadvertent production of Discovery Material containing privileged

11  information or confidential information (not designated as such), each receiving

12  party, upon receiving written notice from the Producing Person of such

13  inadvertent production, shall (a) make no further use of the Discovery Material

14  until further order of the Court, shall have five business days to return the

15  Discovery Material and all copies thereof to the Producing Person and shall

16  destroy all records of the contents of such Discovery Material; or (b) notify the

17  Producing Person in writing of the receiving party's objection to the claim of

18  privilege, along with the grounds for the objection.   In the event of the latter,

19  within 10 business days after good faith efforts to resolve the dispute have

20  failed, the Producing Person may move for an Order from the Court that the

21  Discovery Material is privileged or was not properly designated as confidential.

22  During the pendency of such a motion, each receiving party may retain the

23  Discovery Material and all copies thereof, but shall make no use of it other than

24  is necessary to oppose the Producing Person's motion.   Any copy or copies of

25  the Discovery Material at issue which is submitted to the Court in connection

26  with the foregoing motion shall be filed under seal in accordance with the terms

27  of this Protective Order.   If the Court determines that the Discovery Material

28  was confidential but was (inadvertently) not designated as such, or that it is

-9-

1    privileged, protected work product, or is otherwise protected from disclosure,

2    each receiving party shall promptly return the original and all the inadvertently

3    produced copies of the inadvertently produced Discovery Material at issue to

4    the Producing Person, and destroy all records of the contents of the Discovery

5    Material, including any summaries or analyses derived therefrom.

6         **14.**    <u>No Admissions Or Prejudice To Other Rights</u>.    Entering into,

7    agreeing to, producing or receiving Confidential Discovery Material, or otherwise

8    complying with the terms of this Protective Order shall not:

9         **(a)**    operate as an admission by any party other than the

10    Producing Person that any particular Confidential Discovery Material

11    contains or reflects confidential information;

12         **(b)**    operate as an admission by any party or Producing Person

13    that any Discovery Material is not confidential;

14         **(c)**    operate as an admission by any party or Producing Person

15    that any Discovery Material is, or is not, relevant or admissible at any

16    trial in this litigation;

17         **(d)**    prejudice in any way the rights of any party to object to the

18    production of documents he, she or it considers not subject to discovery,

19    or operate as an admission by any party or Producing Person that the

20    restrictions and procedures set forth herein constitute adequate

21    protection for any particular information deemed by any party or

22    Producing Person to constitute Confidential Discovery Material or

23    Attorneys' Eyes Only Confidential Discovery Matter;

24         **(e)**    prejudice in any way the rights of any party or Producing

25    Person to object to the authenticity or admissibility of any document,

26    testimony, or other information subject to this Protective Order;

27

28

**[PROPOSED] PROTECTIVE ORDER**

1        **(f)     prejudice in any way the rights of any party or Producing**

2   **Person to petition the Court for a supplemental or revised protective order**

3   **relating to any purportedly confidential information; or**

4        **(g)     prevent the parties from agreeing to alter or waive the**

5   **provisions in this Protective Order with respect to any particular**

6   **Discovery Material.**

7        **15.    <u>Return or Destruction of Confidential Discovery Material</u>.**

8   **Within 30 days after receiving notice of the entry of an order, judgment, decree**

9   **or settlement finally disposing of all litigation in which Confidential or**

10  **Attorneys' Eyes Only Discovery Material is permitted to be used, including the**

11  **exhaustion of all permissible appeals, all persons having received Confidential**

12  **or Attorneys' Eyes Only Discovery Material shall return such material and all**

13  **copies thereof (including summaries and excerpts) to counsel for the Producing**

14  **Person.  Counsel for the Producing Person shall be required to maintain the**

15  **materials that are returned for a period of five years in a reasonably accessible**

16  **location.  If, during that five year period, a legitimate need for such materials**

17  **should arise on the part of any party other than the Producing Person, then**

18  **that party may make application to the Court, upon due notice to all of the**

19  **other parties, to have some or all of the returned materials provided to that**

20  **party, subject to such conditions and limitations as the Court may deem**

21  **necessary and appropriate under the circumstances.  The foregoing provision**

22  **shall be deemed to discharge the retention obligation of counsel under**

23  **California Rules of Professional Conduct 3-700 and 4-100(B)(3).**

24  **Notwithstanding the foregoing, outside counsel for the parties shall be entitled**

25  **to retain court papers, deposition and trial transcripts, and attorney work**

26  **product, provided that such outside counsel (and employees of such outside**

27  **counsel) shall not disclose any of the contents of any materials so retained**

28  **except pursuant to Court Order or agreement with the party that produced the**

Confidential Discovery Material.  All materials returned to the parties or their counsel by the Court shall be treated in accordance with the provisions of this paragraph.

16.    <u>Trial</u>.  The parties are to cooperate to attempt to reach agreements, subject to the approval of the Court, regarding the use of Confidential Discovery or Attorneys' Eyes Only Material at any trial or hearing that is open to the public.

17.    <u>Duration of Protective Order</u>.  The provisions of this Protective Order shall, absent written permission of the Producing Person or further order of the Court, remain in full force and effect throughout the pendency of this litigation and thereafter.  The Court shall retain jurisdiction to enforce the terms of this Protective Order.

October 1, 2007                              ENTERED:

                                             /s/ Gregory G. Hollows
                                             _____
                                             **Hon. Gregory G. Hollows**
                                             **United States Magistrate Judge**

Defazio.po

**Exhibit A To Protective Order**

**Undertaking To Be Signed By Experts And Consultants**
**Who Are To Be Provided With Confidential Discovery Material**

The undersigned acknowledges, understands and agrees that:

1.      In the course of performing expert or consulting services in connection with the actions styled (a) *James P. DeFazio v. Hollister Incorporated et al.*, Case No. CIV.S-04-1358 DFL GGH; (b) Kathleen Ellis v. Hollister Incorporated et al., Case No. CIV. S-05-559 DFL GGH; and/or (c) Brenda Dimaro et al. v. Hollister Incorporated et al., Case No. CIV. S-05-1726 DFL GGH, I may be provided with discovery materials that have been designated as "Confidential" or as "Attorneys Eyes Only" under the Protective Order entered in those consolidated actions.

2.      I have read and understand the terms of the foregoing Protective Order, and I have been advised that under the Protective Order such Confidential or Attorneys' Eyes Only materials may not be used for any purposes other than in connection with those consolidated actions.

3.      The use or disclosure of such Confidential or Attorneys' Eyes Only materials is restricted in the manner specified by the Protective Order.

4.      I will abide by the terms of the Protective Order (a copy of which has been provided to me), and I will cause each of my employees or support staff members who performs any of the services described in ¶1 hereof to abide by the terms of the Protective Order.


_____

Executed this ___ day of _____, 200_

at _____

**Exhibit B To Protective Order**

**Undertaking To Be Signed By Non-Party Witnesses**
**Who Are To Be Provided With Confidential Discovery Material**

The undersigned acknowledges, understands and agrees that:

1.      In the course of testimony I have been advised  I may provide in one or more of the following cases (a) *James P. DeFazio v. Hollister Incorporated et al.,* Case No. CIV.S-04-1358 DFL GGH; (b) Kathleen Ellis v. Hollister Incorporated et al., Case No. CIV. S-05-559 DFL GGH; and/or (c) Brenda Dimaro et al. v. Hollister Incorporated et al., Case No. CIV. S-05-1726 DFL GGH, I am to be provided with discovery materials that have been designated as "Confidential" or as "Attorneys Eyes Only" under the Protective Order entered in those actions which I have been advised.

2.      I have read and understand the terms of the foregoing Protective Order, and I have been advised that under the Protective Order such Confidential or Attorneys' Eyes Only materials may not be used for any purposes other than in connection with the consolidated actions described in ¶1 hereof.

3.      The use or disclosure of such Confidential or Attorneys' Eyes Only materials is restricted in the manner specified by the Protective Order.

4.      I will abide by the terms of the Protective Order (a copy of which has been provided to me), and I will cause each of my employees or support staff members who performs any of the services described in ¶1 hereof to abide by the terms of the Protective Order.

_____

Executed this ___ day of _____, 200_

at _____