UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES P. DEFAZIO, et al.,

        Plaintiffs,

v.

HOLLISTER, INC., et al.,

        Defendants.

NOS. CIV. 04-1358 WBS GGH
         05-0559 WBS GGH
         05-1726 WBS GGH
         CONSOLIDATED

<u>ORDER RE: MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT</u>

----oo0oo----

        Currently before the court is plaintiffs'[1] motion for leave to file a Fifth Amended Complaint alleging additional claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, against defendants based on recently discovered information.[2] To avoid repetition, the court will

---

[1] Plaintiff Kathleen Ellis is represented by separate counsel and does not join her co-plaintiffs in the instant motion.

[2] Plaintiffs simultaneously, and incorrectly, filed their motion for leave to file a Fifth Amended Complaint as a Rule 59 motion for reconsideration. Because the motion was filed more

1

refrain from reciting the entire factual and procedural background, which essentially remains the same as in its November 1, 2007 Order.  Defazio v. Hollister, Inc., No. 04-1358, 2007 WL 3231670, at *1-2 (E.D. Cal. Nov. 1, 2007).

On April 8, 2008, this court granted in part (without prejudice) and denied in part defendants' motions to dismiss and/or strike portions of plaintiffs' Fourth Amended Complaint.  Defazio v. Hollister, Inc., No. 04-1358, 2008 WL 958185, at *10-11 (E.D. Cal. Apr. 8, 2008).[3]  Plaintiffs subsequently attempted to meet and confer with defendants regarding a January 23, 2008 intervening motion that defendants filed in plaintiffs James P. Defazio and Kathleen Ellis's state court divorce proceeding.  When defendants declined to stipulate to further ERISA allegations stemming from the filing of their state court

---

than ten days after this court's April 8, 2008 Order, it should be treated as a Rule 60(b) motion for relief from final judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (noting that "a motion for reconsideration . . . is treated as a Rule 60(b) motion" if it is filed more than ten days after entry of judgment).  A Rule 60(b) motion, however, is applicable only to final judgments, and a district court's dismissal "without prejudice" and thus contemplating amendment--as is the case in the instant matter--is not considered a final judgment on the merits.  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1258 (9th Cir. 1997) ("The district court's dismissal without prejudice was not a final judgment on the merits of [plaintiff's] claims.").

[3]  In its April 7, 2008 Order, the court granted defendants' motion to strike plaintiffs' allegations based on defendants' statements in previous court filings.  Id. at *9.  As both parties acknowledge and this court now clarifies for their convenience, this ruling included striking paragraph sixty-eight of the Fourth Amended Complaint.  Additionally, footnote thirty-six of plaintiffs' Fourth Amended Complaint (footnote twenty-two of the proposed Fifth Amended Complaint) inappropriately contained a citation to yet another of defendants' previous court filings, and thus must also be stricken.

motion and adherence to the state court's resulting domestic relations order (DRO), plaintiffs brought the instant motion for leave to amend. Plaintiffs also seek amendment to re-allege their fraud allegations against defendants Alan F. Herbert, James A. Karlovsky, and James J. McCormack based upon a February 17, 1999 letter recently obtained through the discovery process.

Generally, a motion to amend is subject to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]."[4] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609; see also id. ("If [the moving] party is not diligent, the inquiry should end."). Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may supplement its determination by considering the prejudice to the other party. Id. at 609 (finding that "the existence or degree

---

[4] On February 19, 2008, this court issued a Status (Pretrial Scheduling) Order that explicitly prohibited further amendments to the pleadings without leave of the court pursuant to Rule 16(b). (Feb. 19, 2008 Status (Pretrial Scheduling) Order 2:2-5.)

3

of prejudice to the party opposing the modification might supply additional reasons to deny a motion" under Rule 16(b)). Finally, if good cause is found, the court then turns to Rule 15 to determine whether the amendment sought should be granted. Id. at 608.

Here, plaintiffs have demonstrated the requisite diligence in satisfaction of Rule 16(b). First, with respect to allegations related to defendants' state court intervention and subsequent qualification of the DRO, it was not unreasonable for plaintiffs to wait to contact defendants until after the state court issued its Order on April 1, 2008. After an exchange of emails between the parties regarding a possible stipulation as to the potential allegations proved unsuccessful, plaintiffs promptly filed the instant motion. See Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (noting that "good cause" exists where the moving party shows that he or she was diligent in seeking an amendment once the need became apparent). Second, plaintiffs' request to re-allege their fraud allegations against Herbert, Karlovsky, and McCormack are likewise timely, as such allegations stem from materials (notably, the February 17, 1999 letter) disclosed through the discovery process as recently as April 23, 2008. Id.

There is also no apparent prejudice to defendants in permitting the instant amendment. Though this case's origins date back over three years, this matter regrettably is still in its early litigious stages. Due in large part to three judicial reassignments, the parties waited four years to be apprised of the Scheduling Order and discovery is not set to conclude until

4

1  January 30, 2009.  (Feb. 19, 2008 Status (Pretrial Scheduling)
2  Order 2:20-22); <u>see also</u> <u>Arizona v. San Carlos Apache Tribe of</u>
3  <u>Ariz.</u>, 463 U.S. 545, 580 (1983) (finding that because the
4  proceedings "remain at an early stage," "[t]he district court
5  should therefore grant the plaintiffs leave to amend"); <u>Wixon v.</u>
6  <u>Wyndham Resort Dev. Corp.</u>, No. 07-2361, 2007 WL 3101331, at *2
7  (N.D. Cal. Oct. 22, 2007) (allowing amendment because
8  "[p]laintiffs' motion for leave to amend was filed at a very
9  early stage in the litigation in which little discovery has been
10 taken by both parties").

11        Turning to Rule 15(a), "[t]he Supreme Court and the
12 Court of Appeals for the Ninth Circuit interpret . . . Rule 15(a)
13 very liberally in order to permit meritorious actions to go
14 forward, despite inadequacies in the pleadings."  <u>Bellanger v.</u>
15 <u>Health Plan of Nev., Inc.</u>, 814 F. Supp. 914, 916 (D. Nev. 1992)
16 (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>DCD Programs,</u>
17 <u>Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987)); <u>see also</u>
18 <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981) ("Rule
19 15's policy of favoring amendments to pleadings should be applied
20 with 'extreme liberality.'").

21        Courts commonly consider four factors when deciding
22 whether to grant a motion for leave to amend a complaint: (1) bad
23 faith or dilatory motive on the part of the movant; (2) undue
24 delay in filing the motion; (3) prejudice to the opposing party;
25 and (4) the futility of the proposed amendment.  <u>Roth v. Marquez</u>,
26 942 F.2d 617, 628 (9th Cir. 1991).  Because the aforementioned
27 "good cause" inquiry essentially incorporates the first three
28 factors, the court should deny plaintiffs' motion for leave to

amend only if such amendment would be futile.

While some courts liken the futility inquiry with that of a motion to dismiss, see Ritzer v. Gerovicap Pharm. Corp., 162 F.R.D. 642, 645 (D. Nev. 1995) ("[L]eave to amend need not be granted if the proposed amended complaint would be subject to dismissal."), most recognize that "[d]enial of leave to amend on [futility] ground[s] is rare." Netbula v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003); see also Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1105 (9th Cir. 1999) ("Because this litigation is still in its early stages, leave should be liberally granted unless amendment would be futile."). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Netbula, 212 F.R.D. at 645.

Absent a clear indication that plaintiffs have no viable theory of recovery, the court is not prepared to deem plaintiffs' proposed Fifth Amended Complaint futile. In so finding, the court does not mean to suggest that plaintiffs' new allegations are, as stated in their proposed Fifth Amended Complaint, necessarily pled in a manner sufficient to withstand a motion to dismiss.[5] Rather, the court acknowledges that it

---

[5] In fact, defendants submitted lengthy opposition papers arguing the merits of plaintiffs' proffered amendments that may or may not, on a properly noticed motion pursuant to Rule 12(b)(6), substantiate dismissal of certain allegations. Because such arguments are presently premature in that they require the court to assume that there are no facts that could support plaintiffs' proposed claims and would necessitate taking judicial notice of several submissions, defendants are better off ascertaining the form and substance of the actual Fifth Amended

6

simply appears feasible that plaintiffs could prove some set of facts concerning the aforementioned events constituting valid and sufficient claims.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

Accordingly, because plaintiffs demonstrate good cause under Rule 16(b) and the court cannot conclude at this stage that an amendment would clearly be futile under Rule 15(a), the court will grant plaintiffs' motion for leave to file a Fifth Amended Complaint.

IT IS THEREFORE ORDERED that plaintiffs' motion for leave to file a Fifth Amended Complaint be, and the same hereby is, GRANTED.

DATED:   July 18, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

Complaint--a proposed version of which was submitted well after defendants' opposition was filed--thereby allowing them the procedurally proper opportunity to fashion both the initial memorandum and reply brief.